

IN THE
TENTH COURT OF APPEALS

No. 10-19-00223-CV

IN THE INTEREST OF W.S., A CHILD

From the 74th District Court
McLennan County, Texas
Trial Court No. 2017-2308-3

MEMORANDUM OPINION

William S. appeals from a judgment terminating his parental rights to his child,

W.S. *See* TEX. FAM. CODE ANN. § 161.001. In his sole issue, William complains that the

referring court abused its discretion by denying his jury demand in his *de novo* hearing.

Because we find that the referring court did not abuse its discretion, we affirm the

judgment of the referring court.

In July of 2017, W.S. was removed from his mother when he was approximately

three days old. William participated in the early stages of this proceeding, including the

adversary hearing. He participated in some services, including drug tests, but stopped

and was absent for a few months. William later requested a paternity test and was found

to be the father of W.S. in April of 2018. William participated in services with the Department and largely completed his service plan requirements. Because William had been participating in services, in July of 2018, the trial court granted his motion for extension of the case for 180 days and set the new dismissal date for January 19, 2019. At a permanency hearing in October, a final hearing was scheduled for January 8, 2019. William filed a request for a jury trial on November 13, 2018.

On January 8, 2019, counsel for William filed a motion to withdraw his request for a jury trial and that same day, the trial court signed an agreed order that withdrew the jury trial request. The trial commenced on January 15, 2019, and continued on February 28 and March 6, 2019 before an associate judge. The associate judge informed the parties of her findings by letter on March 7, 2019. William requested a *de novo* hearing of the evidentiary sufficiency relating to the predicate ground for termination and best interest of the child on March 11, 2019. William filed a request for a jury trial on March 12, 2019.

The attorney/guardian ad litem for the child filed a written objection to the request for a jury trial and a motion to quash the request for a jury trial, which was heard by the referring court on March 22, 2019. On March 27, 2019, the referring court granted the motion to quash the request for a jury trial. The *de novo* hearing took place before the referring court on April 5, 2019, and the referring court granted the termination of William's parental rights.

William complains that the referring court abused its discretion by denying the request for a jury trial he filed on March 12, 2019.  We review the trial court's denial of a request for a jury trial for an abuse of discretion.  *In re A.L.M.-F.*, No. 17-0603, ___ S.W.3d ___, 2019 Tex. LEXIS 426, 2019 WL 1966623, at *8 (Tex. May 3, 2019).  A trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to guiding principles.  *Id*.

The right to a *de novo* hearing is found in Section 201.015 of the Family Code.  Under Section 201.015, a *de novo* hearing is permitted only if requested within three working days after notice of the associate judge's decision and the hearing must be held within thirty calendar days after the notice.  TEX. FAM. CODE ANN. § 201.015(a), (f).  The Texas Supreme Court has recently decided that there is no statutory right to a jury trial in a *de novo* hearing, but the referring court has the discretion to allow one.  *See In re A.L.M.-F.* at *16.

In describing the standard of review in determining whether or not a trial court erred by denying a request for a jury trial in a *de novo* hearing, the Texas Supreme Court has further stated:

> When a jury trial is available as a matter of right, a timely request is presumptively reasonable and ordinarily must be granted absent evidence that granting the request would "(1) injure the adverse party, (2) disrupt the court's docket, or (3) impede the ordinary handling of the court's business." But because section 201.015 does not afford a right to a jury trial in a *de novo* hearing, no presumption arises. Though injury, disruption, and impediment remain useful factors guiding the court's decision to grant or deny a first-time jury demand, no presumption tips the scale one way or

the other, leaving the ultimate decision within the trial court's sound discretion.

*Id*. at *18 (internal citations omitted).

At the hearing on the motion to quash the request for a jury trial, William argued that the case could be set for a jury trial on April 1, April 8, or April 15, 2019.[1] The case would be a second setting on April 1 or April 8, meaning that there was a case that had been set previously ahead of this one. William stated that he would be willing to submit all but four witnesses by the prior trial transcript to be read to the jury in order to minimize prejudice to the other parties. However, the Supreme Court stated in *In re A.L.M.-F.* that it was uncertain whether or not Section 201.015(c) would even allow prior testimony from the proceedings before the associate judge to be considered in a jury trial in the referring court. *Id*. at *19. The Court further recognized that even if that were an allowable procedure, the referring court "could reasonably conclude the Department would be unfairly prejudiced if forced to rely on the cold written word in lieu of live testimony before the jury." *Id*.

The ad litem and the Department objected to a jury trial because the reporter's record from the trial before the associate judge would not be available until April 2, 2019, which was after the April 1, 2019 date and the April 15, 2019 date was after the 30 day deadline found in Section 201.015(f). Further, the ad litem argued that as a solo

---

[1] There was no evidence presented that these assertions were in fact, correct, but neither the ad litem nor the Department disputed these contentions at the hearing.

practitioner, he would be unable to prepare adequately for a jury trial by that time or have the time available to try the case to a jury, which would require significantly more time as opposed to a bench trial which would consume less time.

The Department objected to the request for a jury trial and argued that to have a jury trial would result in unnecessary expense and delay to the permanency of the child. The Department further argued that it was unaware if the expert from Travis County that had testified at the trial before the associate judge would be available at that time.

Based on the foregoing, by considering the factors the Supreme Court set forth as being instructive in *In re A.L.M.-F.*, we do not find that the trial court abused its discretion in granting the motion to quash and denying the request for a jury trial. We overrule William's sole issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed October 16, 2019
[CV06]

